Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ANA R. ALICEA DELGADO Y OTROS<br><br>**Parte apelante**<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>**Parte apelada** | **TA2025AP00702** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Caso Núm.:<br>**CG2024CV02210**<br><br>Sobre:<br><br>**DAÑOS Y PERJUICIOS** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparecen ante nos, Ana R. Alicea Delgado y sus padres, Rubén Alicea Rivera y Noemí Delgado Núñez, ambos por sí y en representación de la menor N.A.D, en adelante, los Alicea Delgado o apelantes, y nos solicitan que revisemos la *Sentencia Nunc Pro Tunc Desestimando la Demanda*, emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante TPI-Caguas, el 17 de noviembre de 2025, notificada el 20 de noviembre de 2025. Mediante esta, el Foro Apelado desestimó sin perjuicio la demanda contra Puerto Rico Asphalt, LLC, en adelante PR Asphalt o apelada. No obstante, también determinó que la causa de acción contra la parte apelada había prescrito, excepto por la que tiene la apelante menor de edad.

Por los fundamentos que expondremos a continuación, *revocamos* en parte el dictamen apelado.

**I.**

El 21 de junio de 2024, los Alicea Delgado presentaron una *Demanda* por Daños y Perjuicios contra el Estado Libre Asociado de Puerto Rico, la Autoridad de Carreteras y Transportación, el Municipio Autónomo de Caguas, el Departamento de Transportación y Obras Públicas, Óptima Seguros, MAPFRE PRAICO Insurance Company, Super Asphalt Pavement Corp. y varios codemandados de nombre desconocido, entre ellos, la Corporación "X".[1] En ella, alegaron haber sufrido daños a consecuencia de un accidente acaecido mientras algunos de ellos transitaban por un tramo de la carretera PR-172, una vía pública que discurre por el Municipio de Caguas.

A grandes rasgos, los apelantes les imputaron responsabilidad a los codemandados por los daños reclamados, ocasionados por la presencia de unos trabajos de construcción y repavimentación incompletos y carentes de rotulación de seguridad, lo cual propició que la carretera aludida se encontrara en condiciones de peligrosidad. Ello pues, adujeron que estos eran las personas encargadas de procurar el mantenimiento y la seguridad de dicha vía pública.

Tras varias incidencias procesales, el 5 de febrero de 2025, los apelantes solicitaron autorización para enmendar su demanda a los únicos fines de sustituir a la Corporación "X" por PR Asphalt.[2] Para esto, alegaron *haber tomado conocimiento por primera vez*, mediante un correo electrónico que les fuera cursado el *13 de enero de 2025*, de la existencia de la parte apelada como la corporación contratada a la fecha de los hechos para efectuar trabajos de construcción, escarificación y repavimentación en la antedicha carretera.

---

[1] Apéndice del recurso, SUMAC TA, entrada núm. 1.
[2] *Íd.*, entrada núm. 43.

El 6 de febrero de 2025, el TPI-Caguas concedió lo solicitado por los Alicea Delgado,[3] y expidió el emplazamiento para ser diligenciado contra PR Asphalt.[4] Surge que el diligenciamiento de este fue efectuado el 12 de marzo de 2025, mediante la entrega de copia de la demanda y del emplazamiento a una asistente administrativa de dicha corporación.[5]

Posteriormente, el 30 de agosto de 2025, PR Asphalt compareció sin someterse a la jurisdicción y solicitó varios remedios; entre ellos, la desestimación de la causa de acción en su contra.[6] Como fundamentos, precisó la insuficiencia del emplazamiento y su diligenciamiento, caducidad del término para diligenciar el mismo, falta de exposición de alegaciones que justificaran la concesión de un remedio, falta de jurisdicción, así como la prescripción de toda reclamación en su contra. Sobre esta última, arguyó que ya había transcurrido más de un (1) año desde la fecha en que ocurrieron los hechos alegados hasta el momento en que se le diligenció el emplazamiento en su contra.

El 2 de septiembre de 2025, el Foro Primario concedió veinte (20) días para que los apelantes presentaran su posición en cuanto a la solicitud de desestimación presentada por la apelada.[7] Vencido el término sin que los Alicea Delgado formularan oposición alguna, el 30 de septiembre de 2025, el TPI-Caguas emitió una *Sentencia Parcial Desestimando a Favor de PR Asphalt, LLC*.[8] En ella, declaró con lugar la moción de la parte apelada, luego de acoger todos los argumentos planteados por ella, salvo por aquel sobre falta de jurisdicción. Por lo tanto, desestimó la causa de acción en su contra,

---

[3] Apéndice del recurso, SUMAC TA, entrada núm. 47.
[4] *Íd.*, entrada núm. 49.
[5] *Íd.*, entrada núm. 68.
[6] *Íd.*, entrada núm. 75.
[7] *Íd.*, entrada núm. 78.
[8] *Íd.*, entrada núm. 79.

y determinó que cualquier reclamación contra ella se encontraba prescrita.

En desacuerdo, el 15 de octubre de 2025, los Alicea Delgado presentaron una moción de reconsideración.[9] En la misma, expusieron las razones por las que no pudieron oponerse a la moción de desestimación, y presentaron los documentos que acreditaban la jurisdicción del Foro Primario para atender la causa de acción, así como copia del correo electrónico mediante la cual se le informó sobre la intervención de PR Asphalt.[10] No obstante, la misma fue declarada sin lugar mediante una resolución fechada 16 de octubre de 2025, por haber presentado sus planteamientos fuera de término.[11]

Posteriormente, los apelantes presentaron dos (2) mociones para solicitar la enmienda *nunc pro tunc* de la sentencia parcial, fechadas el 27 de octubre de 2025 y el 14 de noviembre de 2025, respectivamente.[12] En ellas, solicitaron que el Foro Primario enmendara su dictamen a los fines de decretar que la desestimación era sin perjuicio, toda vez que los fundamentos para desestimar versaban sobre deficiencias procesales relacionadas al emplazamiento en una primera presentación de su causa de acción. Asimismo, solicitaron la eliminación de la determinación sobre la prescripción, puesto que la demanda fue enmendada oportunamente al conocer de la existencia de PR Asphalt, y que esta no transcurría en contra de la apelante menor de edad.

En virtud de lo anterior, el 17 de noviembre de 2025, notificada el 20 de noviembre de 2025, el TPI-Caguas emitió la sentencia objeto de revisión en el presente caso.[13] Mediante esta, reiteró su dictamen del 30 de septiembre de 2025. No obstante,

---

[9] Apéndice del recurso, SUMAC TA, entrada núm. 80.
[10] *Íd.*, entrada núm. 80, anejo 2.
[11] *Íd.*, entrada núm. 81.
[12] SUMAC TPI, entradas núm. 82 y 87.
[13] Apéndice del recurso, SUMAC TA, entrada núm. 88.

enmendó el mismo para disponer que la desestimación de la causa de acción contra PR Asphalt era *sin perjuicio*, no empece a que ratificó que esta se encontraba prescrita contra dicha parte, con excepción de la que tiene la apelante menor de edad.

Aún inconforme con el proceder del Foro Primario, el 19 de diciembre de 2025, los Alicea Delgado recurrieron ante nos mediante un recurso de apelación, en el cual realizaron los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el TPI al no aplicar la teoría cognoscitiva del daño y, por consecuencia, declarar que la reclamación contra Puerto Rico Asphalt está prescrita.
>
> **SEGUNDO ERROR:** Erró el Tribunal de Primera Instancia al desestimar sin perjuicio la demanda y no permitir que la parte demandante presentara nuevamente su reclamo contra Puerto Rico Asphalt, LLC, a pesar de que era la primera vez que dicha entidad era traída al pleito y de que la desestimación no se fundamentó en la inexistencia de una causa de acción sustantiva.
>
> **TERCER ERROR:** Erró el Tribunal de Primera Instancia al tratar como extinguida la causa de acción individual de Ana R. Alicea Delgado, cuando la desestimación sin perjuicio, por razón de un defecto procesal, no conlleva la pérdida del derecho sustantivo a reclamar daños y perjuicios.

El 20 de enero de 2026, PR Asphalt compareció sin someterse a nuestra jurisdicción, y nos solicitó una prórroga para presentar su correspondiente alegato en oposición al recurso de apelación. En su solicitud, adujo que advino en conocimiento de la existencia del recurso mediante la notificación electrónica de una *Resolución* emitida por este Tribunal posterior a su presentación, y no por parte de los apelantes.

Al día siguiente emitimos una *Resolución*, mediante la cual concedimos a los Alicea Delgado un término de tres (3) días para

acreditar la notificación del recurso a PR Asphalt, de conformidad con lo dispuesto en la Regla 13(B)(2) de nuestro Reglamento.[14]

En cumplimiento con lo ordenado, el 23 de enero de 2025, los apelantes manifestaron que la falta de notificación era imputable a defectos técnicos del mecanismo de notificación electrónica del SUMAC, ya que entendían que el referido sistema notificaba a las partes de manera automática. Adicionalmente, aseveraron que los asuntos sobre la notificación del recurso quedaron debidamente atendidos en la medida que la parte apelada compareció ante nos, lo que denotó que tuvo conocimiento efectivo del recurso.

Mediante *Resolución* del 28 de enero de 2026, concedimos hasta el 5 de febrero de 2026 para que PR Asphalt presentara su alegato en oposición. En esta última fecha, la parte apelada nos solicitó nuevamente una breve prórroga para presentar su escrito en oposición al recurso, e informó que se proponía a presentar una moción de desestimación. El 6 de febrero de 2026, PR Asphalt presentó su moción de desestimación, mediante la cual precisó como fundamento que este Tribunal carecía de jurisdicción para atender el recurso presentado por los Alicea Delgado.

En consecuencia, emitimos una *Resolución* el 6 de febrero de 2026, mediante la cual nos reservamos la adjudicación de la referida moción dispositiva para nuestro dictamen final. Por ello, concedimos a la parte apelada hasta el 9 de febrero de 2026 para que presentara su correspondiente alegato. Finalmente, PR Asphalt presentó su correspondiente alegato en oposición en la fecha provista.

Perfeccionado el recurso de autos, nos encontramos en posición de resolver.

**II.**

**A. Apelación Civil**

---

[14] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 24, 216 DPR ___ (2025).

Las Reglas de Procedimiento Civil se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio (alegaciones, mociones, descubrimiento de prueba, vistas evidenciarias, sentencia, reconsideración, apelación) y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La apelación no es un recurso discrecional como en los casos de *certiorari*. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Bathia Gautier v. Gobernador*, 199 DPR 59, 182 (2017); *Sierra v. Tribunal Superior*, 81 DPR 554, 573 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 710 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Por discreción se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *García v. Asociación,* 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.,* 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago*, supra, págs. 211-212. Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.

*Rivera et al. v. Arcos Dorados et al.*, supra.

**B. Enmiendas Nunc Pro Tunc**

La Regla 49.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.1, permite que un tribunal corrija los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión. *Otero Vélez v.*

*Schroder Muñoz*, 200 DPR 76, 91 (2018); *Vélez v. AAA*, 164 DPR 772, 791 (2005); *SLG Coriano-Correa v. Kmart Corp.*, 154 DPR 523, 530 (2001). Lo anterior se hace mediante una enmienda *nunc pro tunc* en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordena. *Otero Vélez v. Schroder Muñoz*, supra, pág. 91. El Tribunal Supremo ha reiterado que las enmiendas encaminadas a corregir este tipo de error "se retrotraen a la fecha de la sentencia o resolución original". *Otero Vélez v. Schroder Muñoz*, supra, pág. 91; *Vélez v. AAA*, supra.

A modo de ejemplo, nuestro Tribunal Supremo ha permitido el uso de las enmiendas *nunc pro tunc* para añadir en su sentencia la condena de entregar frutos ante el reconocimiento del derecho de propiedad; para ofrecer una descripción completa de una propiedad objeto de litigio; e incluso, para conceder costas en la sentencia cuando se reconocen en el contenido de la opinión. *S.L.G. Coriano-Correa v. K-mart Corp.,* supra, pág. 529. El criterio para subsanar la omisión de conceder un remedio mediante este mecanismo es que el derecho para obtenerlo surja claramente sostenido por el expediente del tribunal, pues tal omisión constituye un error de forma. *S.L.G. Coriano-Correa v. K-mart Corp.,* supra, pág. 530.

Sin embargo, una enmienda *nunc pro tunc* no procede para corregir errores de derecho en aras de evitar afectar derechos sustantivos de las partes. *Vélez v. AAA*, supra, pág. 791. La cuestión para ser enmendada no puede conllevar la alteración de un derecho sustantivo, sino corregir una mera inadvertencia. *Íd.*

### C. Teoría Cognoscitiva del Daño

El nuevo Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5311 *et seq.*, vino acompañado de una regulación más clara y ordenada en cuanto a la figura de la prescripción extintiva, aun cuando mantiene sustancialmente la norma imperativa. Véase la Exposición de Motivos de la Ley Núm. 55 de 1 de junio de 2020. Así,

continúa siendo norma firmemente establecida que las acciones prescriben por el mero lapso del tiempo fijado por ley. 31 LPRA sec. 9481; *OAM v. Abarca Health,* 2025 TSPR 23, 215 DPR ___ (2025); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1067 (2020); *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 952 (2019).

Conforme a lo antes expuesto, el derecho para ejercer una causa de acción determinada puede extinguirse por la inacción de una parte para ejercerla dentro del término que la ley establece. *Conde Cruz v. Resto Rodríguez et al.*, supra; *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 228 (2019); *Colón Gorbea v. Sánchez Hernández et al.*, 202 DPR 760, 765 (2019). Ello persigue eliminar la incertidumbre en las relaciones jurídicas y, a su vez, sancionar la falta de diligencia en el ejercicio de los derechos, de manera que las personas no queden sujetas indefinidamente a la posibilidad de una reclamación en su contra. *Acevedo y Otros v. Depto. Hacienda y otros*, 212 DPR 335, 355 (2023); *Conde Cruz v. Resto Rodríguez et al.*, supra, pág. 1068; *Colón Gorbea v. Sánchez Hernández et al.*, supra, pág. 766.

Pertinente a la controversia que nos ocupa, la teoría del derecho civil extracontractual vigente tiene como principio rector el Artículo 1536 del Código Civil, 31 LPRA sec. 10788. El mismo dispone que el que por culpa o negligencia causa daño a otro, está obligado a repararlo. Por ello, al imponer responsabilidad civil al amparo del aludido Artículo, es necesario que concurran los siguientes requisitos: (1) un daño cierto; (2) un acto u omisión culposo o negligente y; (3) un nexo causal entre el daño y la acción culposa o negligente. *Sucn. Mena Pamias et al. v. Meléndez et al.*, 212 DPR 758, 768 (2023); *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 483-484 (2022); *Pérez et al. v. Lares Medical et al.*, 207 DPR 965, 976 (2021); *Nieves Díaz v. González Massas*, 178 DPR 820

(2010); *López v. Porrata Doria*, 169 DPR 135, 161 (2006); *García v. E.L.A.*, 163 DPR 800 (2005).

Además, para incoar una reclamación para exigir dicha responsabilidad extracontractual, la ley *le provee al perjudicado un plazo prescriptivo de un (1) año*, cuyo transcurso toma como punto de partida la fecha *en que dicho perjudicado conoce de la existencia del daño y el autor de este*, así como los elementos necesarios para ejercer efectivamente su causa de acción. 31 LPRA sec. 9496(a); *Birriel Colón v. Econo y otro*, 213 DPR 80, 94 (2023); *Conde Cruz v. Resto Rodríguez et al.*, supra; *Colón Gorbea v. Sánchez Hernández et al.*, supra, pág. 766.

Esta doctrina, arraigada en nuestro ordenamiento jurídico, se conoce como la "teoría cognoscitiva del daño". *Colón Gorbea v. Sánchez Hernández et al.*, supra; *Maldonado Rivera v. Suárez y Otros*, 195 DPR 182, 212 (2016). A tenor con sus preceptos, el término prescriptivo no comienza a transcurrir con la ocurrencia del daño, sino cuando el perjudicado conoce verdaderamente los elementos para ejercer su causa de acción. *Toro Rivera et als. v. ELA et al.*, 194 DPR 393, 416 (2015); *CSMPR v. Carlo Marrero et als.*, 182 DPR 411, 425 (2011); *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010).

Por lo tanto, si el perjudicado adviene en conocimiento de la responsabilidad de un presunto cocausante durante el transcurso del proceso judicial, el término prescriptivo comenzará a transcurrir desde ese momento. *Maldonado Rivera v. Suárez y otros*, supra, pág 212. Ahora bien, para que opere dicha doctrina, es imperativo que el desconocimiento no halle justificación en la falta de investigación o diligencia del reclamante. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012); *COSSEC et al. v. González López et al.*, supra; *López v. Autoridad de Carreteras*, 133 DPR 243, 255 (1993).

Es de notar que la prescripción extintiva es una defensa afirmativa oponible a quien no ejercita su derecho o acción dentro del término que establece la ley. 31 LPRA sec. 9481. Así, si la misma no se plantea oportunamente al contestar una demanda, se entiende que la misma es renunciada. 32 LPRA Ap. V, R. 6.3; *Conde Cruz v. Resto Rodríguez et al.*, supra, pág. 1064. Por lo tanto, tal defensa no es oponible en una etapa posterior del proceso judicial. *Conde Cruz v. Resto Rodríguez et al.*, supra.

**D. Desestimación**

Los tribunales poseen la autoridad para desestimar una demanda, lo cual deben realizar de manera juiciosa y en circunstancias apropiadas. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 264 (2021); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012). Ello pues, se cataloga que la desestimación constituye la sanción máxima, o la pena de muerte procesal, contra una parte; en especial cuando la misma tiene el efecto de adjudicar un pleito en sus méritos. *VS PR, LLC v. Drift-Wind*, supra, citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 250.

Por tanto, desestimar un pleito desmesuradamente privaría al demandante de su día en corte para ejercer efectivamente aquellas causas de acción que tenga en contra de otra parte. *VS PR, LLC v. Drift-Wind*, supra. Además, tal proceder colisionaría contra la política pública que favorece la ventilación de los casos en sus méritos. *VS PR, LLC v. Drift-Wind*, supra; *HRS Erase v. CMT*, 205 DPR 689, 701 (2020).

En nuestro ordenamiento jurídico civil, la desestimación se encuentra contemplada en varias de la Reglas de Procedimiento Civil. En primer orden, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra.

*BPPR v. Cable Media,* 2025 TSPR 1, 215 DPR __ (2025); *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135, 1149 (2024); *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 234 (2016).

La precitada Regla dispone que dicha parte puede presentar una moción fundamentada en las siguientes defensas: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio y; (6) dejar de acumular una parte indispensable. *Rodríguez Vázquez et als. v. Hosp. Auxilio Mutuo,* 2025 TSPR 55, 215 DPR ___ (2025); *Díaz Vázquez et al. v. Colón Peña et al.,* supra; *Inmob. Baleares, et al. v. Benabe et al.,* 214 DPR 1109, 1128 (2024); *Rivera, Lozada v. Universal,* 214 DPR 1007, 1023 (2024); *Blassino, Reyes v. Reyes Blassino,* 214 DPR 823, 833 (2024); *Costa Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, *supra,* el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Díaz Vázquez et al. v. Colón Peña et al.,* supra, pág. 1150; *Inmob. Baleares, et al. v. Benabe et al.,* supra, págs. 1128-1129; *Rivera, Lozada v. Universal,* supra; *Blassino, Reyes v. Reyes Blassino,* supra, págs. 833-834; *Costa Elena y otros v. Magic Sport y otros,* supra, pág. 533; *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 84 (2023). Es decir, al momento de evaluar esta moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales et al. v. Asoc. Propietarios,* 214 DPR 284, 291 (2024); *Inmob. Baleares, et al. v. Benabe et al.,* supra; *Cruz Pérez v. Roldán Rodríguez et. al.,* 206 DPR 261, 267 (2021).

De otro lado, la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), dispone que el tribunal tiene el deber de desestimar un caso y decretar *su archivo sin perjuicio* cuando el demandante no haya diligenciado un emplazamiento dentro de un término de ciento veinte (120) días, contados a partir de la presentación de la demanda o de la fecha en que los emplazamientos fueron expedidos por la Secretaría del tribunal. Nuestro Tribunal Supremo ha interpretado que la desestimación bajo estas circunstancias opera de manera automática, dada la naturaleza improrrogable del término aludido. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 488-489 (2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 621 (2022); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018).

Por su parte, la Regla 39.2 del mismo cuerpo normativo procesal prevé la desestimación en distintas modalidades. En lo pertinente, su inciso (a) habilita al tribunal para que, por iniciativa propia o a solicitud de parte, desestime una reclamación como medida de sanción, dentro de la facultad y discreción que se le reconoce, ya sea porque una parte incumplió con alguna sus órdenes o con las disposiciones de las Reglas de Procedimiento Civil. 32 LPRA Ap. V, R. 39.2(a); *VS PR, LLC v. Drift-Wind*, supra, págs. 265-266.

Al interpretar esta última Regla, nuestro Tribunal Supremo ha señalado que, como norma general, todo tipo de desestimación, incluso las no contempladas en el precitado estatuto, tiene el efecto de adjudicar el caso en sus méritos, a menos que el tribunal lo disponga de otro modo. *VS PR, LLC v. Drift-Wind*, supra, pág. 266.

Así, la norma prevaleciente dicta que los tribunales gozan de discreción para decretar que la desestimación de una demanda sea *sin perjuicio*, la cual habilita una presentación posterior de la misma reclamación, excepto cuando tal pronunciamiento se fundamente en la falta de jurisdicción o la falta de parte indispensable, o que de

otro modo exista alguna norma que disponga otro efecto. *VS PR, LLC v. Drift-Wind,* supra, págs. 266- 267; *Souchet v. Cosío,* 83 DPR 758, 762-763 (1961).

**III.**

Como es sabido, este Tribunal tiene un deber de auscultar su jurisdicción, por lo que debemos atender toda cuestión relativa a la misma previo a considerar cualquier otro asunto. Véase *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).

En primer orden, tenemos ante nuestra consideración una moción de desestimación por falta de jurisdicción sobre el recurso que nos ocupa, presentada por PR Asphalt. Su argumento principal parte de la premisa de que el término jurisdiccional para recurrir ante esta Curia venció previo a la presentación de dicho recurso, toda vez que la sentencia apelada fue enmendada *nunc pro tunc,* lo que provocó que sus efectos se retrotrajeran a la fecha de la sentencia parcial original. Por consiguiente, aduce que el cómputo del término para solicitar su revisión comenzaba con la fecha de notificación de la referida sentencia, la cual presuntamente excede el aludido término jurisdiccional. Por otro lado, añade que los apelantes incumplieron con el requisito de notificación simultánea a la presentación del recurso a las partes, sin que mediara justa causa.

Cual citado, una sentencia puede corregirse mediante una enmienda *nunc pro tunc,* ya sea a petición de parte o por iniciativa propia del tribunal. Este tipo de enmiendas solo son válidas cuando se pretende corregir un error inadvertido de forma, siempre que su razón para enmendar surja claramente del expediente judicial.

Cuando una enmienda responda a este mecanismo, los efectos de la sentencia enmendada se retrotraerán a la fecha de la sentencia original. Sin embargo, cuando los errores corregidos afectan los derechos sustantivos de las partes, no nos encontramos

ante una enmienda *nunc pro tunc,* ya que se altera la sustancia de la sentencia original.

Según surge del expediente, el TPI-Caguas emitió su primera sentencia parcial el 30 de septiembre de 2025, mediante la cual desestimó la causa de acción contra PR Asphalt y, a su vez, decretó la prescripción de la misma. Luego de que le fuera solicitado, el 28 de octubre de 2025, el Foro Primario enmendó la sentencia para decretar que la desestimación contra la parte apelada era sin perjuicio.

Colegimos que tal enmienda no pretende corregir un mero error de forma, sino que dispone un pronunciamiento de carácter sustantivo que altera el efecto de su sentencia original. Ello pues, como precisaremos más adelante, cuando una sentencia no especifica que una desestimación es sin perjuicio, su efecto es adjudicar el caso en sus méritos. Por lo tanto, el mecanismo para enmendar *nunc pro tunc* dicho dictamen no se encontraba disponible. En consecuencia, esta segunda sentencia parcial constituye un nuevo dictamen, cuyo término para solicitar su revisión judicial comenzó a transcurrir nuevamente.

A igual conclusión llegamos en cuanto a la sentencia objeto de revisión. Ante otra solicitud, el TPI-Caguas notificó su *Sentencia Nunc Pro Tunc Desestimando la Demanda* el 20 de noviembre de 2025, mediante la cual reiteró su dictamen dual sobre la desestimación sin perjuicio y la prescripción en cuanto a la causa de acción contra PR Asphalt.

Sin embargo, en esta ocasión, exceptuó a la apelante menor de edad de los efectos de la prescripción en cuanto a la causa de acción contra la parte apelada. Igualmente, opinamos que tal enmienda es una de naturaleza sustantiva, pues el Foro Apelado rehabilita la causa de acción a favor una de las partes, luego de

haberla extinguido en sus sentencias anteriores.[15] Por consiguiente, de esta última sentencia volvió a transcurrir un nuevo término para acudir ante este Tribunal.

Como se puede apreciar, los cambios sobrellevados en cada una de las sentencias mencionadas no constituían meras correcciones de defectos formales derivados del expediente judicial, sino que modificaban aspectos que afectaron sustantivamente los pronunciamientos anteriores. Por lo tanto, cada una constituía una nueva sentencia, de la cual comenzaban a transcurrir términos independientes para que los apelantes pudiesen interponer un recurso.

En resumidas cuentas, cada una de las sentencias emitidas por el TPI-Caguas no fueron enmendadas *nunc pro tunc*,[16] por lo que, al ser dictámenes nuevos e independientes, sus efectos nunca fueron susceptibles de retrotraerse a la primera sentencia parcial. Por consiguiente, opinamos que los Alicea Delgado apelaron oportunamente la sentencia objeto de revisión en este recurso, por lo que no tienen méritos los planteamientos de la parte apelada en cuanto a este aspecto.

Tampoco hallamos méritos en cuanto a aquellos sobre el incumplimiento de los Alicea Delgado con el requisito de notificación simultánea del recurso a las partes por falta de justa causa. No podemos obviar que el TPI-Caguas emitió una *Orden* con fecha del 2 de septiembre de 2025, mediante la cual dispuso lo siguiente: "Se autoriza a la Lcda. Monique Díaz Mayoral comparecer como

---

[15] Puntualizamos que el TPI-Caguas había emitido otra sentencia enmendada el 6 de noviembre de 2025, a los únicos efectos de eliminar a los codemandados representados por el Estado Libre Asociado de Puerto Rico, contra quienes los apelantes habían solicitado el desistimiento sin perjuicio. En dicha sentencia, el Foro Primario desestimó sin perjuicio la demanda instada por los apelantes, sin distinción en cuanto a las causas individuales de cada uno.

[16] Además, resulta necesario recordar que en nuestro ordenamiento se debe analizar el contenido de una determinación judicial para conocer su naturaleza, independientemente de como sea intitulada. Véase, *PR Fast Ferries et al. v. AAPP,* 213 DPR 103, 114 (2023); *Johnson & Johnson v. Mun. de San Juan,* 172 DPR 840, 848 (2007); *S.L.G. Coriano-Correa v. K-mart Corp.,* supra, pág. 532.

representante legal de la demandada Puerto Rico Asphalt LLC y *se instruye a Secretaría notificarle a su dirección de récord todo procedimiento ulterior en el presente caso*".[17] Nos parece que, en efecto, tal pronunciamiento pudo causarle a los apelantes una expectativa razonable de que todo escrito en los procedimientos ulteriores —inclusive en la etapa apelativa— le sería notificado automáticamente a las partes mediante la notificación electrónica de SUMAC. Ello incluye, por supuesto, la presentación de su recurso de apelación.

Asimismo, pudimos comprobar que PR Asphalt fue notificada por el propio sistema de la emisión de nuestra *Resolución* del 13 de enero de 2026, en virtud de la cual dicha parte compareció para solicitarnos una prórroga para presentar su correspondiente escrito en oposición. En el ejercicio de auscultar nuestra jurisdicción, no pudimos constatar la razón por la cual la parte apelada fue notificada automáticamente para un asunto, mas no para el otro.

Conforme expusimos anteriormente, nuestro ordenamiento jurídico persigue una clara política pública que favorece que los casos se ventilen en sus méritos. Además, resulta norma firmemente establecida que los requisitos de notificación dispuestos en nuestro Reglamento deben interpretarse en tal manera que las desestimaciones de los recursos se reduzcan al mínimo. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 106 (2013). En virtud de ello, acogimos el planteamiento de los apelantes en cuanto a que la falta de notificación respondió a un defecto atribuible al funcionamiento técnico de SUMAC,[18] y concedimos oportunidad para que PR Asphalt presentara su correspondiente escrito en oposición, según nos solicitó repetidamente. Superados los asuntos

---

[17] SUMAC TPI, entrada núm. 77.

[18] En virtud de lo dispuesto en la Regla 13(B)(2) de nuestro Reglamento, *supra*, les exhortamos a los apelantes a proceder juiciosa y cuidadosamente en la tramitación posterior de sus escritos ante los foros revisores.

jurisdiccionales, procederemos a atender los méritos de los errores señalados por los apelantes.

Los Alicea Delgado recurren ante esta Curia, y le imputan al TPI-Caguas la comisión de *tres (3) errores*, los cuales se pueden sintetizar en un solo planteamiento primordial. Por ello, procederemos a discutirlos de manera conjunta.

En esencia, los Alicea Delgado sostienen que el Foro Primario erró en su aplicación del derecho al momento de dictaminar que la causa de acción contra PR Asphalt se encontraba prescrita para los apelantes mayores de edad, a pesar de haber decretado que la desestimación de la demanda contra dicha parte fue sin perjuicio.

Específicamente, los apelantes arguyen que el Foro Apelado no aplicó correctamente la teoría cognoscitiva del daño para determinar la fecha en que realmente comenzaba a transcurrir el término prescriptivo para presentar su reclamación contra PR Asphalt. Sobre esto, alegan que el cómputo del término aludido debía comenzar el 13 de febrero de 2025, fecha en que les fue notificada mediante correo electrónico la existencia de la apelada y su participación en los hechos alegados.

Adicionalmente, arguyen que los fundamentos que dieron paso a la desestimación sin perjuicio gravitaban sobre incumplimientos de naturaleza procesal, lo cual los habilita para presentar nuevamente su causa de acción. Afirman que, al contraponer el dictamen sobre la prescripción extintiva, se le confirió a la desestimación sin perjuicio el efecto de adjudicar su caso en los méritos, privándoles de su día en corte.

Por su parte, PR Asphalt alega que toda causa de acción contra ella se encuentra prescrita, principalmente, porque la demanda original fue presentada en exceso del término de prescripción que establece el Código Civil para las reclamaciones extracontractuales. En particular, aduce que la causa de acción de

los apelantes prescribió el 23 de noviembre de 2023 —siete (7) meses antes de que se iniciara la acción judicial— sin que manifestaran las razones por las cuales pudo haberse interrumpido el aludido término.

De otro lado, la parte apelada arguye que la desestimación no responde exclusivamente a los incumplimientos procesales del emplazamiento, sino que toma en consideración la adjudicación sustantiva de prescripción. Por tanto, sostiene que la desestimación es realmente con perjuicio debido a que la inexistencia de una causa de acción por prescripción precluye una presentación posterior de la acción en su contra.

Cual citado, la acción para reclamar responsabilidad civil por daños al amparo del Artículo 1536 del Código Civil tiene un término prescriptivo de un (1) año. Como regla general, el aludido término comienza a transcurrir con la ocurrencia del daño alegado.

Sin embargo, conforme a la *teoría cognoscitiva del daño*, el término prescriptivo comienza a transcurrir *cuando el perjudicado verdaderamente conoce cual es el daño y la identidad de su causante*. Estos preceptos operan únicamente cuando el desconocimiento de los referidos elementos no se derive de la falta de investigación o diligencia del reclamante.

De un examen detenido del expediente, contrapuesto al marco legal aplicable, surge que el Foro Primario realizó una aplicación errónea del derecho a los hechos para dictaminar la prescripción de la causa de acción en daños y perjuicios contra PR Asphalt. Si bien es cierto que los hechos alegados ocurrieron el 23 de noviembre de 2022, no fue hasta el 13 de febrero de 2025, tal cual acreditaron los apelantes,[19] que los Alicea Delgado tuvieron conocimiento real de la

---

[19] El mero hecho de que tal evidencia fuese anejada en una moción de reconsideración no impedía su consideración por el Foro Primario, puesto que la misma fue presentada dentro del término reglamentario, y contenía cuestiones sustanciales relacionadas a las determinaciones de la primera sentencia parcial, según dictada el 30 de septiembre de 2025. Véase 32 LPRA Ap. V, R. 47.

identidad y participación de la parte apelada como cocausante de los daños reclamados.

Además, se desprende que, previo a la fecha aludida, los Alicea Delgado tenían la creencia legítima de que la corporación que realizaba los trabajos de repavimentación era Super Asphalt Pavement Corp.,[20] contra quien desistieron precisamente por no ser la compañía que realizó los actos que imputaron luego a PR Asphalt.

No apreciamos que el desconocimiento de la contratación de PR Asphalt para realizar los trabajos de repavimentación en la carretera PR-172 a la fecha de los hechos fuese producto de la falta de diligencia de los apelantes. Después de todo, según consta en el expediente, dicha información surgió como resultado de una investigación realizada por la aseguradora del municipio codemandado en fecha contemporánea al correo electrónico cursado a la representación legal de los apelantes.

Por consiguiente, la causa de acción contra la parte apelada se originó luego de que se informara su nombre y su identidad, pues, previo a eso, los apelantes no podían presentar alegación alguna en su contra. Por lo tanto, conforme a la teoría cognoscitiva del daño, era el 13 de febrero de 2025 la fecha donde comenzó a transcurrir el plazo prescriptivo en cuanto a PR Asphalt.

De otro lado, no nos resulta persuasivo el argumento esbozado por la parte apelada con relación a la consumación del término prescriptivo previo a la presentación de la demanda, ante la presunta ausencia de manifestaciones que justificaran su interrupción. En primer lugar, tal planteamiento resulta incompatible con lo que hemos discutido en los párrafos que anteceden, pues evade completamente los preceptos de la teoría cognoscitiva del daño.

---

[20] Apéndice del recurso, SUMAC TA, entrada núm. 1, pág. 4.

De igual manera, de la demanda original surge que los apelantes sí informaron la existencia de dos (2) reclamaciones en curso ante la Administración de Compensaciones por Accidentes de Automóviles,[21] quien notificó su resolución final el 7 de febrero de 2025.[22] Partiendo de esta premisa, y en la medida que ninguna de las partes originalmente acumuladas como codemandadas planteó la prescripción como defensa, resultaría erróneo concluir que la demanda se encontraba prescrita a su presentación, y menos aún contra PR Asphalt.

Por lo tanto, opinamos que el TPI-Caguas erró al dictaminar que la causa de acción contra PR Asphalt se encontraba prescrita contra los Alicea Delgado.

En cuanto a los planteamientos relacionados al pronunciamiento de desestimación sin perjuicio, nos convencen los argumentos de los apelantes. Conviene aclarar que estos no presentan controversia alguna por la insuficiencia en el emplazamiento a PR Asphalt, por su diligenciamiento, ni por la caducidad del término para diligenciarlo. Más bien, su disputa se centra sobre los efectos conferidos a la desestimación sin perjuicio bajo tales fundamentos.

Según reseñamos durante el recuento procesal del caso de marras, se desprende que, desde su primer dictamen, el Foro Apelado desestimó la demanda contra PR Asphalt luego de que esta esgrimiera las razones por las cuales entendía que el emplazamiento diligenciado en su contra fue insuficiente. No obstante, en virtud de la autoridad y discreción que tiene para ello, el Foro Primario aclaró reiteradamente que la desestimación de la demanda fue sin perjuicio.

---

[21] Los números asignados por esta agencia a tales reclamaciones son 18-102374-01 y 18-102374-02.

[22] Véase el Artículo 7(A)(4) de la Ley Núm. 111 de 14 de agosto de 2020, intitulada *Ley de Protección Social por Accidentes de Vehículos de Motor*, 9 LPRA sec. 3167(B).

Sin embargo, al reiterar su dictamen dual sobre la desestimación y prescripción de la causa de acción contra la parte apelada, les asiste la razón a los apelantes al señalar que el Foro Apelado precluyó su derecho a presentar nuevamente su reclamación, pues tal pronunciamiento dicotómico le confería los efectos de una desestimación con perjuicio.

Luego de analizar minuciosamente las determinaciones de hechos y las conclusiones de derecho contenidas en el dictamen apelado, apreciamos que estas versan completamente sobre el incumplimiento de los apelantes con el término y las exigencias procesales del emplazamiento y su diligenciamiento en su primera presentación, según dispuestas en las Reglas de Procedimiento Civil.[23] Por consiguiente, en ausencia de pronunciamiento alguno relativo la jurisdicción del Foro Primario, la desestimación sin perjuicio no debía afectar el derecho de los Alicea Delgado a presentar nuevamente su causa de acción contra PR Asphalt.

Dicho esto, estamos conscientes de que el caso de marras ha sido objeto de un manejo atropellado sobre su tramitación procesal. Sin embargo, huelga reiterar que la desestimación de una demanda constituye un mecanismo que debe ejercerse juiciosamente en circunstancias apropiadas, pues se favorece la ventilación de los casos en sus méritos. Ello con el fin de que las partes tengan su día en corte para ejercer los derechos que legítimamente entiendan tener contra determinada persona.

En virtud de lo antes expuesto, concluimos que la desestimación del caso de marras respondió exclusivamente al

---

[23] Aun cuando la sentencia apelada también hace mención de la desestimación bajo la Regla 10.2(5) de Procedimiento Civil, tal conclusión solo considera las alegaciones en la copia de la demanda original, presuntamente remitida en el diligenciamiento del emplazamiento. Sin embargo, la demanda enmendada fue autorizada y presentada previo a este evento. Somos del criterio que las determinaciones del Foro Primario sobre este fundamento no son base para dictaminar una ausencia de alegaciones justificativas de un remedio, sino una insuficiencia en el diligenciamiento del emplazamiento.

incumplimiento con los requisitos procesales del emplazamiento y su diligenciamiento en su primera presentación. Por lo tanto, ante la inoperancia de la prescripción a los hechos particulares de este caso, opinamos que el TPI-Caguas erró al conferirle efectos extintivos a la desestimación sin perjuicio sobre la causa de acción contra PR Asphalt. En consecuencia, los Alicea Delgado se encuentran facultados para presentar nuevamente la acción que entienden tener contra la parte apelada.

**IV.**

Por los fundamentos antes expuestos, revocamos aquella parte de la *Sentencia Nunc Pro Tunc Desestimando la Demanda* que imputó la prescripción de la causa de acción contra PR Asphalt con relación a los apelantes mayores de edad. De esta manera, confirmamos aquella parte del dictamen apelado que desestima sin perjuicio la demanda, pero por los siguientes fundamentos: insuficiencia de emplazamiento, insuficiencia en el diligenciamiento del emplazamiento y caducidad del término para diligenciar el emplazamiento.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones